**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

LAURIE JOLLY,                          *
                                       *
        Plaintiff,                     *
                                       *
        v.                             *
                                       *          CV 116-065
DEPARTMENT OF THE ARMY,                *
                                       *
        Defendant.                     *
                                       *
                                       *

——————

**O R D E R**

——————

Currently before the Court is Defendant's motion to dismiss. (Doc. 13.) For the reasons explained below, the Court **GRANTS** Defendant's motion.

## I.    Background

This case arises out of Plaintiff Laurie Jolly's employment with Defendant. Plaintiff was employed as a Health System Administrator in the Hospital Education and Training Division of the Dwight D. Eisenhower Army Medical Center ("DDEAMC") in Fort Gordon, Georgia. (Doc. 13-6 at 2-3.) In June 2014, Defendant notified Plaintiff that it intended to remove her from service because of incendiary statements Plaintiff had made. (See id. at 4.) Specifically, in April 2014, Plaintiff wrote her

congressman about issues she faced at DDEAMC. In her letter, Plaintiff referenced the well-known Fort Hood shooting and stated: "'Is Blood Shed Required to Stop the ABUSE?" I hope the answer is, 'NO! [sic].'" (Id. at 3.) And Plaintiff referenced this letter and the Fort Hood shooting during a meeting with another DDEAMC employee. (Id. at 6.) In September 2014, after Plaintiff had responded to Defendant's plan to remove her, Plaintiff's removal became effective. (Id. at 5.)

Subsequently, Plaintiff appealed Defendant's decision to the Merit Systems Protection Board ("MSPB").[1] (See id. at 2.) On appeal, Plaintiff argued that Defendant failed to apply the appropriate standard for determining punishment and that her removal violated her First Amendment rights. In November 2015, the MSPB issued its initial decision affirming Plaintiff's removal. (Id.) Plaintiff then sought review of that decision. In her request for review, Plaintiff asserted an additional argument — that Defendant violated her due-process rights. Upon review, the MSPB rejected this additional argument and affirmed the initial decision. (Doc. 13-7.)

Plaintiff initiated this action in May 2016 and claims that Defendant violated her First Amendment rights, her rights under Due Process clause of the Fifth Amendment, and her rights under

---

[1] Plaintiff also filed a number of EEOC claims, one of which is apparently still pending. But, as Plaintiff has noted, these claims are not relevant to the issues currently before this Court. (See Doc. 12 at 2.)

the Due Process clause of the Fourteenth Amendment.   Defendant

moves to dismiss Plaintiff's complaint.


## II.   Discussion

Defendant argues, among other things, that Plaintiff's

claims are precluded by the Civil Service Reform Act ("CSRA").

The Court agrees.

"The CSRA established a comprehensive system for reviewing

personnel action taken against federal employees."   Elgin v.

Dep't of Treasury, 132 S. Ct. 2126, 2130 (2012) (citation

omitted) (internal quotation marks omitted).   Under the CSRA, an

agency — such as the Department of the Army — may take action

against certain employees "only for such cause as will promote

the efficiency of the service."   5 U.S.C. § 7513.   Employees

entitled to protection under the CSRA include individuals in

"competitive service" and individuals in "excepted service" who

meet certain requirements.   5 U.S.C. § 7511(a).   Adverse actions

subject to review under the CSRA include removal from service, a

suspension for more than fourteen days, a reduction in grade, a

reduction in pay, and a furlough of thirty days or less.   5

U.S.C. § 7512.

An employee facing one of these adverse actions has a right

to notice of the proposed action, an opportunity to respond,

representation,   and   a   written   explanation   of   the   agency's

3

decision.   5 U.S.C. § 7513(b).   An employee is entitled to

appeal an agency's decision to the MSPB.   5 U.S.C. § 7513(d).   A

final decision by the MSPB is appealable to the Court of Appeals

for the Federal Circuit.   5 U.S.C. § 7703(b)(1)(A).   And "[t]he

Federal Circuit has exclusive jurisdiction over appeals from a

final decision of the MSPB."   Elgin, 132 S. Ct. at 2131

(citations omitted) (internal quotation marks omitted).

In this case, it is not disputed that Plaintiff is an

employee entitled to review or that her removal is a covered

action under the CSRA.   Indeed, as noted above, Plaintiff was

given an opportunity to respond to Defendant's plan to remove

her from service.   She also exercised her right to appeal

Defendant's decision to the MSPB.   But Plaintiff failed to

appeal that decision to the Federal Circuit.   Instead, she

brought this action in this Court.

Here, Plaintiff seeks to challenge her removal from service

as a violation of her constitutional rights.   She claims that

Defendant violated her First Amendment rights when it removed

her based on her complaint to her congressman.   And she argues

that Defendant violated her due-process rights because it failed

to apply the appropriate standard for evaluating her punishment

and because it failed to provide her with an impartial decision

maker.   That is, Plaintiff seeks to relitigate in this Court the

issues she raised before the MSPB.   In fact, Plaintiff appears

4

to take the position that this action is her timely appeal of the MSPB's final decision. Plaintiff's response to Defendant's motion to dismiss states: "Within 30 days of receiving the MSPB final decision supporting the Army's decision, on May 13, 2016 Plaintiff filed this Civil Action." (Doc. 14 at 11.) But, as explained above, an appeal from a final decision by the MSPB must be brought in the Court of Appeals for the Federal Circuit.

Because Plaintiff's claims clearly fall under the CSRA, and because the Federal Circuit possesses exclusive jurisdiction over appeals from MSPB decisions, this Court lacks jurisdiction over Plaintiff's claims. Accordingly, Defendant's motion to dismiss is **GRANTED**.

### III.    Conclusion

For the reasons explained above, the Court **GRANTS** Defendant's motion to dismiss (doc. 13). The Clerk shall **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 27th day of October, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5